# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2025

Lyle W. Cayce
Clerk

————————

No. 24-60508
Summary Calendar

————————

Lesbia Marleny Espinal-Jacinto; Ingris Nexary Cruz-Espinal,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A215 950 435,
A215 950 436

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Lesbia Marleny Espinal-Jacinto, and her minor child, Ingris Nexary Cruz-Espinal, natives and citizens of Honduras, petition this court for review of an order of the Board of Immigration Appeals (BIA) dismissing an appeal from an order of an Immigration Judge (IJ) denying an application for asylum,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

withholding of removal, and protection under the Convention Against Torture (CAT) and ordering removal. The BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To establish eligibility for asylum, an applicant must prove that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (internal quotation marks and citation omitted). The persecution requirement is fulfilled by establishing past persecution or "a well-founded fear of future persecution." *Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019).

The physical harm and threats Espinal-Jacinto experienced in Honduras are not extreme enough to compel a finding of past persecution. *See Gjetani v. Barr*, 968 F.3d 393, 395-99 (5th Cir. 2020); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Moreover, while Espinal-Jacinto contends that her husband's murder constituted psychological harm supporting a finding of persecution, she does not point to any evidence that his murder was an act of persecution against her or her child, and her contention is unavailing. *Cf. Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017) (explaining that harm cannot be imputed from one family member to another). Espinal-Jacinto has not shown that the evidence compels a conclusion that she suffered past persecution. *See Gjetani*, 968 F.3d at 397; *Chen*, 470 F.3d at 1134.

No. 24-60508

Next, the BIA determined that Espinal-Jacinto did not meaningfully address the IJ's findings that she failed to establish an objectively reasonable fear of persecution or show that she could not reasonably relocate within Honduras, and the BIA thus concluded that she waived those dispositive issues. In this court, she does not brief any argument challenging the BIA's waiver ruling. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Santos-Alvarado v. Barr*, 967 F.3d 428, 439, 440 n.13 (5th Cir. 2020). Because she failed to establish past persecution or a well-founded fear of future persecution, Espinal-Jacinto therefore cannot establish eligibility for asylum or withholding of removal. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). We do not address Espinal-Jacinto's remaining arguments regarding these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

As for Espinal-Jacinto's contention that she is entitled to CAT protection, she does not dispute the BIA's determination that she waived the IJ's dispositive finding that she failed to demonstrate a likelihood of torture by failing to challenge it in the BIA. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019); *see also Chambers*, 520 F.3d at 448 n.1. Given the BIA's waiver ruling, the petition for review is denied regarding the CAT claim. *See Santos-Alvarado*, 967 F.3d at 440 n.13.

The petition for review is DENIED.

3